The PRESIDENT
delivered the opinion of the court.
This is certainly a very hard case, but we think there is no ground for relief. The legislature in the year 1781, contemplating, *492 no doubt, all those cases of hardship, and at the same time, the infinite mischief and confusion which would be introduced, *by a re-settlement of paper money claims, passed a law, declaring “that all actual payments made by any person or persons, of any sum, or sums of the paper currency, there mentioned, at any time, or times, either to the full amount, or in part payment of any debt, contract, or obligation, whatsoever, the party paying the same, shall have full credit, for the nominal amount of such payments, which are not to be reduced.” It is remarkable, that to the words debts and contracts, are added, or obligations whatsoever, which comprehend legacies. Courts of Equity, are as much bound by this legislative declaration, as courts of law. The executor therefore, by the payments made to the guardian, was by this law totally discharged, and since the guardian was guilty of no fault, either in receiving, or in the application of the money, he ought not to be subject to the loss, by further depreciation, subsequent to the payment by the executors. The bill must be dismissed as to the executors and residuary legatees, and the cause remanded to the High Court of Chancery, as to the guardian, for an account to be taken of the money received by him, according to the principles of this decree.